59264. CREEK v. FIRST NATIONAL BANK OF ATLANTA.

BIRDSONG, Judge.

Breach of limited warranty deed. The appellee First National Bank of Atlanta, was the holder of a security deed. Pursuant to the power of sale under the deed, the bank became the owner of the

property in question on September 7, 1976. Insofar as the evidence shows, the bank was unaware that taxes on property for 1974, in the amount of $1,282.78 remained unpaid and constituted a lien on the property. On February 10, 1977, the bank conveyed the property to the appellant Creek, giving to Creek a limited warranty of title. That warranty provided that the ". . . Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons claiming by, through or under Grantor, and not otherwise." The taxing authority made demand upon Creek for payment of the back taxes as the present owner of the property under the threat of forced sale of the property to satisfy the tax delinquency. Creek paid the back taxes and made demand upon the bank to reimburse him for the payment, relying on the warranty. The bank denied any liability arguing that the encumbrance did not arise during the bank's time of ownership. Creek argues that the claim for taxes came through the bank's title and ownership and is included within the limited warranty. Following a nonjury trial, the trial court directed a verdict for the bank. Creek brings this appeal enumerating as error the direction of the verdict in favor of the bank. *Held:*

1. The appellee bank's motion to dismiss the appeal for a procedural delinquency is denied.

2. We affirm the judgment of the trial court. Initially we note that Creek does not base his plea upon fraud or misrepresentation, nor was any evidence offered or argument made at trial that the bank was aware of the tax delinquency or in any way mislead Creek at the time of the sale. A reading of the limited warranty shows beyond peradventure that the covenant protects against claims made (after the conveyance) by the grantor or by some person claiming through or under the bank. By the limitation of the warranty, it appears that the bank intended no warranty except as against itself and its own acts, or acts of third parties which affected the right to possession, which acts occurred during the time of ownership by the bank. Though the tax lien apparently was recorded, and thus was constructive notice to the bank, Creek's petition does not assert fraud or misrepresentation, but is based solely on breach of covenant. The tax lien does not fall within the limited warranty because the claim for taxes was not set up by the grantor or anyone claiming under the bank but by the taxing authority, a stranger to the land. Even as the delinquent taxes constituted an adverse claim against Creek, so was the claim an adverse interest to the right of possession and ownership of the bank. See *McDonough & Co. v. Martin,* 88 Ga. 675 (16 SE 59).

It follows that because the loss was not one reasonably

included within the covenant, the loss must fall upon the grantee and the loss cannot be thrown back upon the innocent grantor in the absence of any showing or claim of fraud or misrepresentation. *Wright v. Shorter,* 56 Ga. 72; *McDonough & Co. v. Martin,* supra, p. 685.

Judgment affirmed. *Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 14, 1980 — DECIDED APRIL 8, 1980.

*Robert L. Ridley, John L. Respess,* for appellant.
*Michael E. Ray,* for appellee.